SHILL ROLLING CHAIR COMPANY, APPELLANT, v. AT-
LANTIC CITY, RESPONDENT.

Argued November 30, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, whose opinion is re-
ported in 87 *N. J. L.* 399.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Theodore W. Schimpf.*

PER CURIAM.

The judgment under review herein should be affirmed, for
the reasons expressed in the opinion delivered by Mr. Justice
Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, TRENCHARD, BERGEN, BLACK, TERHUNE, HEPPEN-
HEIMER, WILLIAMS, TAYLOR, JJ. 10.

*For reversal*—None.

---

SHILL ROLLING CHAIR COMPANY, APPELLANT, v. AT-
LANTIC CITY, RESPONDENT.

Argued November 30, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, whose opinion is re-
ported in 87 *N. J. L.* 399.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Theodore W. Schimpf.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.    10.

*For reversal*—None.

---

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ISRAEL ALLGOR, PLAINTIFF IN ERROR.

Submitted December 6, 1915—Decided January 28, 1916.

On error to the Supreme Court, in which court the following *per curiam* was filed:

"The defendant was convicted of the crime of robbery from the person, the victim being one George Winters. This case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act. But two grounds of reversal are relied upon by counsel for the plaintiff in error.

"He first contends that illegal evidence was admitted. The father of the plaintiff in error was called as a witness on his behalf, and on his cross-examination he was asked whether he had not paid to Winters, the prosecuting witness, a sum of money, the equivalent of that which had been taken from his person, and admitted that he had; and the contention is that this testimony was illegal. We think it was competent for the purpose of showing the interest of the witness, and if the question was fairly before us, we would so hold. But no objection was made to the questions asked by the prosecutor, or to the answers made by the witness, and, consequently, the